## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 19-86 (DWF/LIB) |
| | Civil No. 23-2943 (DWF) |
| Respondent-Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Pierre Cornelius Stewart, | |
| Petitioner-Defendant. | |

### INTRODUCTION

This matter is before the Court on Defendant Pierre Cornelius Stewart's *pro se* motion to vacate his sentence under 28 U.S.C. § 2255 (Doc. No. 142) and the United States of America's (the "Government") motion to dismiss Defendant's motion to vacate (Doc. No. 147). For the reasons discussed below, the Court respectfully denies Stewart's motion and grants the Government's motion.

### BACKGROUND

Stewart was indicted for conspiracy to distribute heroin and possession with intent to distribute a controlled substance. (Doc. No. 1.) Following trial, a jury found Stewart guilty of both counts. (Doc. No. 82.) The Court sentenced Stewart to 230 months in prison and 8 years of supervised release. (Doc. No. 122.)

Stewart appealed "the district court's denial of his motion to suppress and its ruling to limit the cross-examination of a law enforcement witness at trial." (Doc. No. 139 at 1-2.) The Eighth Circuit affirmed "the denial of Stewart's motion to suppress

and the judgment of the district court." (*Id.* at 7.) Stewart's counsel moved to withdraw as Stewart's counsel and further moved for an extension of time for Stewart to file a petition for rehearing. *See United States v. Stewart*, No. 20-3321 (8th Cir. Apr. 29, 2022). The Eighth Circuit granted both motions. *Stewart*, No. 20-3321 (8th Cir. May 9, 2022). Stewart moved for a second extension, which was also granted. *Stewart*, No. 20-3321 (8th Cir. June 23, 2022). Stewart then moved for a third extension. *Stewart*, No. 20-3321 (8th Cir. filed Aug. 15, 2022). The Eighth Circuit granted the extension but noted that no additional extensions would be granted. *Stewart*, No. 20-3321 (8th Cir. Aug. 24, 2022). Stewart did not file a petition for rehearing or a petition for a writ of certiorari.

Stewart now brings a motion under § 2255, arguing that his sentence should be vacated, set aside, or corrected. (Doc. No. 142.) The Government moves to dismiss Stewart's motion to vacate. (Doc. No. 147.)

## DISCUSSION

### I. Timeliness

There is "a one-year statute of limitations on motions by prisoners seeking to modify, vacate or correct their federal sentences." *Anjulo-Lopez*, 541 F.3d 814, 817 (8th Cir. 2008). Relevant to this motion, the statute of limitations runs from either "the date on which the judgment of conviction becomes final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1), (4). A judgment is final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ

2

of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United*, 537 U.S. 522, 527 (2003).

Here, Stewart did not file a petition for rehearing[1] or seek a writ of certiorari, so his conviction became final on July 27, 2022, "after the 90-day period for filing a petition for a writ of certiorari had expired." *Muhammad v. United States*, 735 F.3d 812, 814 (8th Cir. 2013). Stewart's deadline to file his § 2255 motion was July 27, 2023. Stewart filed his motion after the deadline had passed, on September 22, 2023, and the envelope bore a September 19, 2023, postmark. Stewart's motion is therefore untimely.

Stewart asserts in his motion that he has newly discovered evidence that "confirms [his] suspicion of evidence tampering by law enforcement." (Doc. No. 142 at 3.) In support of this assertion, Stewart cites to BCA documents from 2018 that were previously disclosed to defense counsel. (*See* Doc. Nos. 146-2, 147-2, 147-3.) Stewart does not explain how he used "reasonable efforts to discover the facts underlying his claim," *Anjulo-Lopez*, 541 F.3d at 818, especially considering that it appears Stewart was aware of an alleged "chain of custody" issue during the trial, in 2020. (*See* Doc. No. 146 at 2.) Accordingly, Stewart's motion is untimely.

**II.    No Evidentiary Hearing Required**

There is no reason for the Court to further explore any credibility issues with respect to Stewart's claims. A § 2255 motion can be dismissed without a hearing if:

---

[1]    Stewart asserts that he did file a petition for rehearing, but Eighth Circuit docket shows otherwise.

(1) the defendant's allegations, if accepted as true, would not entitle him to relief; or

(2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Because Stewart's claims are clearly untimely, the Court will dismiss this motion without an evidentiary hearing.

### III.   Certificate of Appealability

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Based on a careful consideration of the record, the Court concludes that Stewart's motion is untimely, and no issue related to timeliness has been raised "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). Thus, the Court will not issue a COA.

### CONCLUSION

For the reasons set forth above, the Court denies Stewart's motion to vacate the judgment and grants the Government's motion to dismiss Defendant's motion to vacate.

### ORDER

Based upon the record before the Court, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1.   Petitioner-Defendant Stewart's *pro se* motion to vacate under 28 U.S.C. § 2255 (Doc. No. [142]) is respectfully **DENIED**.

5

      2.      Respondent-Plaintiff Government's motion to dismiss Defendant's motion to vacate (Doc. No. [147]) is **GRANTED**.

      3.      No evidentiary hearing is required in this matter.

      4.      No Certificate of Appealability will be issued to Petitioner-Defendant Stewart.

      **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 16, 2024                       s/Donovan W. Frank
                                                 DONOVAN W. FRANK
                                                 United States District Judge